IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01059-BNB

JOSE NUNEZ,

Applicant,

v.

DOUGLAS DARR, Adams Co. Sheriff,

Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN - 7 2007

GREGORY C. LANGHAM
CLERK

ORDER DIRECTING APPLICANT TO FILE
AMENDED APPLICATION

Applicant, Jose Nunez, is incarcerated at the Adams County Detention Facility in Brighton, Colorado. On May 8, 2007, Mr. Nunez submitted to the Court a *pro se* document titled, "Petition for Writ of Hebeas [sic] Corpus Pursuant 13-45-101." The Court determined that Mr. Nunez was attempting to file an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and directed him to file his claims on a current Court-approved form used in filing § 2241 actions. On May 30, 2007, Mr. Nunez filed a § 2241 form. He failed to complete the form, however. The only statement he provides on the form, on Page Two under Section "B. Nature of the Case," is "3rd degree assault."

The Court must construe the Application liberally because Mr. Nunez is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr.

Nunez will be ordered to file an Amended Application.

Mr. Nunez has failed to complete the Court-approved § 2241 habeas corpus form in a manner that makes clear his claims and his attempts to exhaust those claims. It is not even clear that Applicant is challenging the execution of his sentence, which is the purpose of a § 2241 action. In order to pursue his claims in this action, Mr. Nunez must allege, clearly and concisely, which of his constitutional rights have been violated and how they have been violated with respect to the execution of his sentence.

Mr. Nunez's Application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

To the extent that the Court is able to identify Mr. Nunez's claims as state in the original Petition that he submitted on May 8, 2007, it appears that he is challenging the validity of his conviction not the execution of his sentence. Challenges to the validity of a conviction are filed pursuant to 28 U.S.C. § 2254. Mr. Nunez will be given an

opportunity to file an Amended Application on a Court-approved form used in filing § 2254 actions. Applicant must complete the form and provide all of the information requested on the form. He also must state his claims clearly and concisely in Section "C. Claims" of the application form.

In addition, Applicant must demonstrate that he has exhausted his state remedies before he may raise his claims in federal court. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000).

The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state's highest court. **See Castille v. Peoples**, 489 U.S. 346, 350-51 (1989). "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992). Therefore, Mr. Nunez must clarify in the Amended Application the specific steps he has taken to exhaust state remedies for the claims he is asserting in this action. Accordingly, it is

ORDERED that Mr. Nunez file **within thirty days from the date of this Order** an Amended Application that complies with the Order. It is

FURTHER ORDERED that Mr. Nunez's Amended Application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Nunez, together with a copy of this Order, two copies of the Court-approved form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  It is

FURTHER ORDERED that if Mr. Nunez fails within the time allowed to file an Amended Application as directed the Application will be denied and the action will be dismissed without further notice.

DATED June 7, 2007, at Denver, Colorado.

> BY THE COURT:
>
> s/ Boyd N. Boland
> United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01059-BNB

Jose Nunez
Prisoner No. 06-9269
Adams County Det. Facility
150 N. 19th Aveune
Brighton, CO 80601-1951

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 6/7/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk